# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1)  ROYA F. WHITE,<br>     an Individual,<br><br>          Plaintiff,<br><br>vs.<br><br>1)  OLD GERMANY RESTAURANT, INC.,<br>     an Oklahoma corporation;<br>2)  TUREK'S TAVERN,<br>     an Oklahoma corporation; and<br>3)  MIKE FRITZ TUREK,<br>     an Individual,<br><br>          Defendants. | Case No.: CIV-2017-1244-M |

## COMPLAINT
_____

RAPHAEL T. GLAPION, P.C.
Raphael T. Glapion, OBA#19466
701 N.W. 13th Street
Oklahoma City, OK 73103-2206
Office: 405/521-8900
Fax: 405/604-9054
Email: rtglapion@myoklahomacounsel.com

**ATTORNEY FOR PLAINTIFF**

## INTRODUCTORY STATEMENT OF THE CASE

1. Plaintiff began her employment with Defendants Old Germany Restaurant, Inc., Turek's Tavern and Mike Fritz Turek (collectively "Defendants") on June 7, 2009. Plaintiff was discriminated against by her former employer(s) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 200e-2, and other applicable law as more fully herein set forth, after she advised Defendants that she was pregnant. Initially, Defendants generally expressed discontent that Plaintiff would require a leave of absence to accommodate her pregnancy. Defendants subsequently became argumentative and combative with Plaintiff, including berating her when she did nothing wrong. As Plaintiff occasionally became somewhat emotional as a result of her developing pregnancy, Defendants specifically advised Plaintiff that she was apparently unable to deal with her pregnancy and her job at the same time, and therewith terminated Plaintiff's employment on August 2, 2016. In recognition that Plaintiff at all times performed her job as required and that Plaintiff had never been reprimanded or otherwise disciplined during her lengthy employment, Defendants advised Plaintiff that they would not challenge any effort by her to obtain unemployment compensation. Finally, and pertinently, Defendants advised Plaintiff that she could return to work after her pregnancy.

## PARTIES

2. Plaintiff Roya F. White is and was at all times pertinent to the filing of his action a resident of Oklahoma County, State of Oklahoma.

3. Defendant Old Germany Restaurant, Inc., is and was at all times pertinent to the filing of this action an Oklahoma corporation with a principal place of business in Oklahoma County, State of Oklahoma. Defendant is a full-service restaurant and bar that employs waiters and waitresses, formerly including Plaintiff.

4. Defendant Turek's Tavern is and was at all times pertinent to the filing of this action an Oklahoma corporation with a principal place of business in Oklahoma County, State of Oklahoma. Defendant is a full-service restaurant and bar that employs waiters and waitresses, formerly including Plaintiff.

5. Defendant Mike Fritz Turek is and was at all times pertinent to the filing of this action a resident of Oklahoma County, State of Oklahoma. Defendant Turek is the owner and operator of Defendants Old Germany Restaurant, Inc. and Turek's Tavern.

6. The foregoing Defendants are hereafter collectively and interchangeably referred to as "Defendants."

**JURISDICTION AND VENUE**

7. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343; venue is proper under 28 U.S.C. §1391.

8. All conditions precedent to the initiation of the instant action have been satisfied, *to wit*, Plaintiff timely filed a formal Charge with the United States Equal Employment Opportunity Commission ("EEOC") on April 10, 2017. The EEOC issued a Notice of Rights to Sue on August 21, 2017, and Plaintiff herewith commences this action.

# FIRST CAUSE OF ACTION

## Title VII of the Civil Rights Act of 1964

9. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

10. Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000e-2, as amended, provides that: "It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his or color, religion, sex, or national origin."

11. Plaintiff asserts that Defendants violated Title VII when Defendants terminated Plaintiff because of her pregnancy.

# SECOND CAUSE OF ACTION

## Pregnancy Discrimination Act

12. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

13. The Pregnancy Discrimination Act of 1978 proscribes pregnancy discrimination and provides that "on the basis of sex" includes, but is not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions."

14. Plaintiff asserts that Defendants violated the Pregnancy Discrimination Act when Defendants terminated Plaintiff because of her pregnancy.

### THIRD CAUSE OF ACTION

### Violation of Oklahoma Law:
### Discrimination in Employment and Wrongful Termination

15. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

16. OKLA. STAT., tit. 25, §1301, *et seq*. "Discrimination in Employment", provides that it is unlawful "[t]o fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race, color, religion, sex, national origin, age, genetic information or disability...."

17. At Section 1301(6) of Title 25, Oklahoma law defines "sex", "because of sex" or "based on sex" as inclusive of, but not limited to, "pregnancy, childbirth or related medical conditions." OKLA. STAT., tit. 25, §1301.

18. Plaintiff asserts that Defendants violated the Oklahoma law when Defendants terminated Plaintiff because of her pregnancy.

19. Said wrongful termination was intentional, and committed with malice and/or with reckless indifference to Plaintiff's rights.

### FOURTH CAUSE OF ACTION

### Violation of Oklahoma Law:
### Intentional Infliction of Emotional Distress

20. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

21. Defendants' conduct, as more fully set forth in the Introductory Statement of the Case and in the foregoing Causes of Action, was committed intentionally, willfully, and/or in reckless disregard of Plaintiffs physical and emotional well-being, and constitutes extreme and outrageous conduct which no person should reasonably be expected to endure.

22. Defendants' conduct constitutes extreme and outrageous conduct which no person should reasonably be expected to endure, and caused Plaintiff to sustain damages including, without limitation, lost wages; great pain and suffering; and severe mental and emotional distress.

WHEREFORE, Plaintiff respectfully requests that the Court rule in her favor and against Defendants, finding and ordering that Defendants are liable to Plaintiffs pursuant to the Causes of Action alleged herein; and that Plaintiff is thereby entitled to recover damages in an amount in excess of $75,000.00, with the exact amount to be determined by a jury, for all damages directly and proximately caused thereby, including, but not limited to, actual, compensatory and consequential damages; damages for emotional, mental and physical pain and suffering; and punitive damages in excess of $75,000.00, with the exact amount to be determined by a jury. Plaintiff further requests an award for the costs and expenses incurred in bringing this lawsuit; interest; attorney fees; and any other relief this Court deems fit and proper under the circumstances.

Respectfully Submitted,

RAPHAEL T. GLAPION, P.C.

s/ Raphael T. Glapion
Raphael T. Glapion, OBA# 19466
701 N.W. 13th Street
Oklahoma City, OK 73103-2206
Office: 405/521-8900
Cell: 405/464-5998
Fax: 405/604-9054
Email: rtglapion@myoklahomacounsel.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**